## CIRCUIT COURT OF LOUDOUN COUNTY

Kanchanayothin

v.

Stancell

April 17, 1996

Case No. (Law) 17194

BY JUDGE THOMAS D. HORNE

Defendant motorist has challenged plaintiff's right to discover the statement made by the defendant to her insurance carrier, Nationwide Mutual Insurance Company. Plaintiff seeks damages arising out of a motor vehicle accident occurring on or about January 28, 1994. The statement sought to be discovered was given to the insurer on February 25, 1994. Suit was filed on October 31, 1995.

Copies of three of the statements made to Nationwide in connection with the accident were furnished for inspection by the Court. Only that of the defendant was subject to *in camera* review.

An inspection of the pleadings and of the statements filed for review would suggest that the accident occurred when the defendant made a left turn in front of the plaintiff at an intersection controlled by a traffic light. Injuries were not reported at the scene, and no one was charged by the police.

This Court has previously observed that the test to be applied in determining whether the statement of the defendant to the insurer is protected work product is whether litigation was foreseeable at the time the statement was given. If not, then the statement does not enjoy the protection of Rule 4:1(c), Rules of the Supreme Court of Virginia.

In the instant case, not only does it appear that the statement was taken as part of a routine investigation in the ordinary course of business of Nationwide but that litigation was not reasonably foreseeable at the time the statement was obtained. Accordingly, the objection to production will

190

be denied and the defendant will be directed to furnish a copy of the defendant's statement to counsel for the plaintiff.